**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **KIMBERLY VALE,** | **Civil Action No.:** |
| **Plaintiff,** | |
| **v.** | |
| **CITY OF NEW HAVEN POLICE DEPARTMENT,** | |
| **Defendant.** | **APRIL 20, 2011** |

## NOTICE OF REMOVAL

Defendant, City of New Haven Police Department ("Defendant"), hereby respectfully files this Notice of Removal of this action to the United States District Court for the District of Connecticut form the State Of Connecticut Superior Court in the Judicial District of New Haven at Meriden where this action is pending as NNI-CV11-6003269-S, pursuant to 28 U.S.C §§ 1331, 1343(a)(3) and (4), 1441, 1446, and 29 U.S.C. § 216(b).

In support of this Notice of Removal, Defendant states as follows:

1.     On March 28, 2011, Kimberly Vale ("Plaintiff") filed suit against Defendant in the Superior Court of Connecticut, alleging claims for retaliation under the Fair labor Standards Act ("FLSA") related to her employment with Defendant. (*See* Complaint, dated March 31, 2011, attached as Exhibit A hereto.)

2.      Additionally, Plaintiff alleges a claim of retaliation under Conn. Gen. Stat. § 31-51q, which, based on the allegations in her Complaint, necessarily turns on the construction of federal law and the First Amendment of the United States Constitution for which Congress has provided a cause of action under 42 U.S.C. § 1983.

3.      The United States District Court for the District of Connecticut has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 29 U.S.C. § 216(b).

4.      This action may be properly removed to this Court pursuant to 28 U.S.C. § 1441(a) because the allegations of the Complaint state a basis for original jurisdiction pursuant to 42 U.S.C. § 1983, 29 U.S.C. § 215(a)(3) and 29 U.S.C. § 216(b) and because this action was commenced within the judicial district of the United States District Court for the District of Connecticut, 28 U.S.C. § 86.

5.      Defendant was served with process on March 29, 2011 and received a copy of Plaintiff's Summons and Complaint in the State Court Action via hand delivery from a marshal.

6.      The Notice of Removal is timely, pursuant to 28 U.S.C. § 1446(b), because Defendant have filed this Notice of Removal within thirty (30) days of receiving the Summons and Complaint.

7.      Defendant has not answered the State Court Action, nor has its time to answer or otherwise plead expired.

8.      As required by 28 U.S.C. § 1446(a), Defendants have attached true and correct copy of all process, pleadings and orders served on Defendant as of the date of this Notice of Removal. (Exhibit A.)

9.      As required by 28 U.S.C. § 1446(d), Defendants will give written notice of this Notice to Plaintiff and to the Clerk of the Superior Court, Judicial District of New Haven at Meriden, Connecticut.

10.     This Notice of Removal is filed without waiver of Defendant's right to raise all defenses and objections in this action.

11.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of the position that this case is removable.

WHEREFORE, Defendant requests that the state court action now pending in the Superior Court, Judicial District of New Haven at Meriden, Connecticut, be removed therefrom to this United States District Court.

Done at Bridgeport, Connecticut this 20th day of April, 2011.

/s/_____
Jarad M. Lucan (ct27752)
Michel Bayonne (ct24628)
Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.C.
1057 Broad Street
Bridgeport, CT  06604
Telephone (203) 366-3438
Facsimile (203) 384-0317
jlucan@durantnic.com
mbayonne@durantnic.com


ATTORNEYS FOR DEFENDANT

## **CERTIFICATION**

I hereby certify that pursuant to Federal Rule of Civil Procedure 5(b), I have caused to be served a true and correct copy of the foregoing via hand delivery on April 20, 2011 to all counsel and pro se parties of record as follows:

    Josephine S. Miller
    914 Main Street
    Suite 206
    East Hartford, CT  06108

                                        /s/_____
                                        Jarad M. Lucan

P:\lit\JL\001225\004\00085892.DOC

# *EXHIBIT A*

**SUMMONS - CIVIL**
JD-CV-1  Rev. 9-08
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

**STATE OF CONNECTICUT**
# SUPERIOR COURT
*www.jud.ct.gov*

See page 2 for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [x] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)* *(C.G.S. §§ 51-346, 51-350)* | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 54 West Main Street Meriden CT 06451 | (203) 238-6666 | April 19, 2011 |

- [x] Judicial District
- [ ] Housing Session
- [ ] G.A. Number:

At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)
Meriden

Case type code (See list on page 2)
Major: T  Minor: 90

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(to be entered by attorney only)* |
|---|---|
| Josephine Miller 914 Main St #206 East Hartford CT 06108 | 422896 |

| Telephone number *(with area code)* | Signature of Plaintiff (if self-represented) |
|---|---|
| (203) 512-2795 | |

| Number of Plaintiffs: 1 | Number of Defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Kimberly Vale<br>Address: 48 Oriole Way Meriden, CT 06457 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: City of New Haven Police Department<br>Address: 1 Union Avenue New Haven, CT 06519 | D-50 |
| Additional Defendant | Name:<br>Address: | D-51 |
| Additional Defendant | Name:  Mar 29, 2011 10:57A<br>Address:  RONALD SMITH<br>  CITY CLERK<br>  CITY OF NEW HAVEN | D-52 |
| Additional Defendant | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [x] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| Josephine S. Miller | | Josephine S. Miller | 3/28/11 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | | Date |
|---|---|---|---|

Name and address of person recognized to prosecute in the amount of $250

| Signed (Official taking recognizance; "X" proper box) | [ ] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Date | Docket Number |
|---|---|---|---|

For Court Use Only
File Date

2011 MAR 29 AM 11:40   CITY CLERK RECEIVED

(Page 1 of 2)

Document #   06203587
Volume:   226  Page:   551

RETURN DATE:   April 19, 2011

SUPERIOR COURT JUDICIAL
DISTRICT AT MERIDEN

KIMBERLY VALE                    :
    *Plaintiff*                   :
                  :
v.                               :
                  :
CITY OF NEW HAVEN                :
POLICE DEPARTMENT                :            March 31, 2011
    *Defendant.*                  :

## COMPLAINT

### I.   PRELIMINARY STATEMENT

1.        Count One is an action pursuant to the Connecticut Fair Employment Practices
Act for age discrimination.

2.        Count Two is an action pursuant to the Connecticut General Statute § 31-51q.

### II.   JURISDICTION

3.        Jurisdiction of this Court is invoked under the provisions of Connecticut General
Statutes, Title 52.

### III.   ADMINISTRATIVE PROCEDURES

4.        Within 180 days of the occurrence of the acts of which she complains, charges of
employment discrimination were duly filed with the Commission on Human Rights and
Opportunities and the Equal Employment Opportunity Commission by plaintiff against
Defendant.

5.        Plaintiff received her release of jurisdiction letter on January 11, 2011 and her
release of jurisdiction letter on September 24, 2009. Plaintiff has complied with all of the
procedural prerequisites to suit under the statutes aforementioned, having exhausted her

Document# 00(3587
Volume: 226 Page: 552

administrative remedies and having received a Release of Jurisdiction from the proper administrative agency.

**IV.   COUNT ONE:   CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT; C. G. S. § 46a-60(a) (1) (AGE DISCRIMINATION)**

1.      During all times mentioned in this action, the Plaintiff was, and still is, an adult Citizen of the United States residing at 48 Oriole Way Meriden, CT  06451.

2.      During all times mentioned in this action, the Defendant New Haven Police Department (hereafter referred to as "Police Department") was an employer within the meaning of the Connecticut Fair Employment Practices Act.

3.      Plaintiff is a female aged 44 years.

4.      During all of the pertinent times and continuing, since September 8, 2009, Plaintiff was a full time probationary employee with the City of New Haven Police Department.

5.      On September 8, 2009 Plaintiff began training in the City of New Haven Police Academy.

6.      Within the first week of her entrance into the Police Academy, Senior Training Officer Rob Strickland informed Plaintiff that she did not belong there and should not come back.  Plaintiff was instructed to have her husband telephone Officer Strickland. Officer Strickland informed Plaintiff that she was not to show up for training if her husband did not telephone him.

7.      Plaintiff's husband, Armando Vale, has been a police officer with the City of New Haven Police Department since October 13, 2004.  Officer Armando Vale was trained under Senior Training Officer Rob Strickland.

Document# 00^^33587
Volume:   226(   age:   553

8.       On or about September 11, 2009, Plaintiff's husband, Officer Armando Vale, telephoned Officer Strickland.  Officer Strickland attempted to convince Officer Vale that Plaintiff should withdraw from the police academy.  Officer Strickland insinuated that Plaintiff was not made for the job as a police officer and that Strickland believed she would "have a real difficult time in the academy" and that he did not want to have any trouble with Officer Armando Vale.

9.    Officer Vale informed Officer Strickland that he would not take any action to convince Plaintiff to withdraw from the police academy.  Officer Vale refused to take any action to convince Plaintiff that she should withdraw from the police academy.   Officer Armando Vale stated to Officer Strickland that Strickland should just afford Plaintiff a fair and equal opportunity in the academy and take no action to target her or to break a bone or tear a ligament or injure her in any way that would force her to drop out of the academy. Officer Strickland told Officer Vale that it was not up to him to give a fair and equal opportunity to Plaintiff. Officer Strickland stated to Plaintiff's husband on another occasion that she was "too motherly", "too quick to help".

10.      Thereafter, on at least three to five occasions, during training sessions, Officer Strickland referred to Plaintiff as "grandma" and that she was "old".  On one such occasion, Officer Strickland stated, "oh, grandma knows how to shoot".  Plaintiff had just engaged in discharge of her weapon during a training session.  These comments were made in the presence of other recruits in the academy.

11.      Plaintiff is forty-four years old and within the age category protected by the Civil Rights Act of 1964 and the Connecticut Fair Employment Practices Act.

Document# 00^03587
Volume:  226  age:  554

12.     On or about October 19, Plaintiff's class at the police academy was informed that someone had made a formal complaint to the union regarding the amount of time that they remained at the academy.  Plaintiff and the other recruits were being paid weekly for 40 hours.  However they were actually spending closer to 60 hours per week in training.

13.     On or about October 22, 2009 Officers Strickland, Officer Kelly Turner and Officer Jason Salgado came to speak to Plaintiff's class about this and expressed their great disappointment that a complaint had been made.  Officers Strickland stated that they believed that it was someone in the academy class or someone who was related to a New Haven police officer who had made the complaint.

14.     As a result of the complaint regarding overtime, Plaintiff and others in her class were limited to 40 hours per week in training.

15.     Upon information and belief, as a result of this complaint, the City of New Haven must now pay retroactive overtime pay to past recruits at the police academy.

16.     On or about November 2, 2009 Officer Strickland loudly and angrily stated to Plaintiff in the presence of other class members that she did not belong here and that she "was the cause of this catastrophic mess".

17.     Upon information and belief, Plaintiff believes that Officer Strickland was referring to the complaint regarding overtime hours and pay when he told her that she "was the cause of this catastrophic mess".

18.     On or about October 28, 2009 Recruit Sullivan, the class leader stated to Plaintiff that it was being rumored that her husband was the one who had complained regarding the overtime hours and work and that Plaintiff "needed to address the class

Document# 00203587
Volume: 226 Page: 555

about this". Plaintiff had not made the complaint and so did not take any action to address the class.

19.      On or about March 9, 2010 Plaintiff was engaged along with her class members in running the final obstacle course that was a required part of our academy training.

20.      Plaintiff and class members were required to run an obstacle course, including picking up 40 lbs. weights, in a timed sequence at a maximum of 1.46 seconds.

21.      Plaintiff ran the course and missed by two seconds according to Officer Strickland. That is Plaintiff ran the course in 1.48 seconds. Each recruit is permitted a second try at completing the obstacle course in the allotted time if they fail the first attempt. Plaintiff tried a second time and was informed by Officer Strickland that she had missed by four seconds. That is, she ran the course in 1.50 seconds.

22.      Upon information and belief, Officer Strickland deliberately failed Plaintiff because of his animus toward her because of her age and to retaliate against her because he believed that she or her husband Officer Vale had engaged in complaining regarding the overtime hours.

23.      At the time Plaintiff ran the final obstacle course, Officer Strickland was holding two stopwatches and timing another recruit at the same time as her.

24.      Officer Strickland knew or should have known that there was likelihood of error on his part by timing two individuals at the same time. Also Officer Strickland should have recused himself from testing Plaintiff, knowing that there was a complaint made by the Police Union and Officer Armando Vale against Officer Strickland on her behalf.

25.      At the time Plaintiff ran the final obstacle course, he imposed a new standard regarding the course that she had not previously been informed of.  Specifically, Officer Strickland informed Plaintiff, after she had completed the final obstacle course, that she was required to be standing after placing my gun in a chain link fence.  Plaintiff was on the ground after jumping over the fence but had otherwise completed all known requirements within the allotted time.

26.      At no time prior to the start of the final obstacle course did Officer Strickland or anyone else inform Plaintiff that she was required to be in a standing position within the 1.46 seconds.

27.      Upon information and belief Officer Strickland used the two-second difference as a pretext to fail Plaintiff because of his animus toward me.

28.      The action of complaining of a potential violation of overtime regulations under the Fair Labor Standards Act is protected conduct.

30.      While Plaintiff denies that either she or her husband made the complaint, assuming arguendo that she had, the conduct would have been protected and it was unlawful for Officer Strickland to retaliate against her because of it.

31.      After Plaintiff was failed in the final obstacle course on March 9, she was instructed by Captain Redding that she had to resign the academy or would be terminated the next day.

32.      Despite asking to consult with her husband for advice, Plaintiff was informed that she could not.  Under extreme pressure and coercion, Plaintiff signed a letter of resignation on March 9. Officer Strickland had told her on numerous occasions that the recruit class did not have union representation until they graduated from the academy. By

Document# 00 )3587
Volume: 226 rage: 557

refusing Plaintiff to have union representation, Defendants violated my Weingarten rights.

33.        Within fifteen to thirty minutes of submitting the resignation letter, and upon further consultation with her husband and the union, Plaintiff returned to the academy to rescind her resignation. Captain Redding told her that it was too late and that the resignation letter had already been forwarded to Scott Nabel at Human Resources.

34.        On the morning of March 10, Plaintiff went to Police Union Office. Detective Renee Luneau from the Union telephoned Scott Nabel to get her resignation letter rescinded but was told it had already been forwarded to the Board of Police Commissioners.

35.        On March 12, Plaintiff received a telephone call from Scott Nabel from the Human Resource Office. He informed her that he was accepting her rescinding of resignation letter.

36.        Plaintiff called her Union Office to inform them of the conversation she had with Scott Nabel. Plaintiff's husband Officer Vale heard this. A meeting was set up for her to meet with the Board of Police Commissioners on March 15 at 8am.

37.        Plaintiff's class was scheduled to graduate on April 1.  In order to graduate and proceed to full-time employment with the police department, Plaintiff had a limited period of time to be certified as a POST officer.

38.        By the actions of Defendants in terminating Plaintiff, she will be precluded from applying to return to the City of New Haven Police Department.

39.        Upon information and belief, Defendant has sought to remove Plaintiff from the academy under false pretenses, to foreclose her becoming a police officer in

Document# 00203587
Volume:  226 Page:  558

retaliation for a report of violation of federal and state overtime laws and based upon age discrimination.

40.     Plaintiff has been damaged thereby.

**V.      COUNT TWO:       <u>CONNECTICUT GENERAL STATUTE § 31-51Q</u>**

1-39.   Paragraphs 1-39 of Count One are hereby incorporated by reference and made paragraphs 1-39 of Count Two.

40.     By the conduct alleged in paragraphs 12 – 39 Defendant retaliated against Plaintiff because it believed she had engaged in the protected activity of complaining about possible violations of the state and federal wage and hour laws, a matter of public concern.

41.     Plaintiff has been damaged thereby.

        **WHEREFORE,** Plaintiff prays that the Court grant such relief as may be deemed appropriate, including but not limited to:

        (a)  Compensatory damages;

        (b) Punitive damages;

        (c)  Attorney's fees and costs

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a jury trial on all issues.

                        THE PLAINTIFF
                        KIMBERLY VALE

Document# 00-03587
Volume:   226 Page:   559

By: _____
Josephine Smalls Miller, ct Bar # 422896
914 Main Street, Suite 206
East Hartford, CT 06108
Tel: (203) 512-2795
Fax: (860) 289-8944
Email: jmillerlaw@sbcglobal.net

Document# 00 )3587
Volume: 226 rase: 560

RETURN DATE: April 19, 2011

SUPERIOR COURT JUDICIAL
DISTRICT AT MERIDEN

KIMBERLY VALE
    *Plaintiff*

v.

CITY OF NEW HAVEN
POLICE DEPARTMENT
    *Defendant.*

    :
    :
    :
    :
    :
    :
    :
    :
    :

March 31, 2011

## STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest or property in demand is in excess of $15,000, exclusive of interest and costs.

FOR THE PLAINTIFF
KIMBERLY VALE

By: Josephine Smalls Miller
Josephine Smalls Miller, ct Bar # 422896
914 Main Street, Suite 206
East Hartford, CT 06108
Tel: (203) 512-2795
Fax: (860) 289-8944
Email: jmillerlaw@sbcglobal.net

Mar 29,2011 10:57A
RONALD SMITH
CITY CLERK
CITY OF NEW HAVEN