UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| KIMBERLY VALE,<br><br>        Plaintiff,<br>v.<br><br>CITY OF NEW HAVEN POLICE DEPARTMENT,<br><br>        Defendant. | 3:11-CV-00632 (CSH)<br><br>October 4, 2013 |

### RULING ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

      Plaintiff Kimberly Vale, a former full time probationary employee of the Defendant City of New Haven Police Department ("NHPD"), filed a complaint against the NHPD on March 28, 2011 in a Connecticut state court. That complaint alleged a claim of age discrimination under the Connecticut Fair Employment Practices Act (CFEPA), and a claim for retaliation under Connecticut General Statutes § 31-51q. Defendant removed the case to this Court. Plaintiff moved to remand the case to the state court. Judge Dorsey denied her motion to remand, *see* [Doc. 18], on the ground that, under controlling Second Circuit authority, Plaintiff's claims arose under federal law, although her pleading was limited to alleged violations of state law.

      Plaintiff now moves to amend her complaint. *See* [Doc. 60]. The proposed amendment would add a third count: for retaliation, under CFEPA, Connecticut General Statutes § 46a-60(a)(4). Defendant objects to the amendment. In these circumstances, Plaintiff must obtain

1

leave of Court to amend her pleading: hence this motion.  The motion falls under Rule 15 of the Federal Rules of civil Procedures.  Leave to amend under this Rule is freely given if required by the justice of the case.  However, leave will be denied if the amendment would be futile.  An amendment to a complaint seeking to add a new claim is futile if that claim would be subject to dismissal as a matter of law under Rule 12(b)(6).  These principles are so well established as to require no citation to authority.

  This case recounts the troubled and unsuccessful efforts of Ms. Vale to become a police officer with the NHPD.  The present complaint alleges that on September 8, 2009, Plaintiff began training in the NHPD Academy.  Senior Training Officer Rob Strickland was one of the NHPD officers in charge of the training.  Plaintiff's theory of the case is that from the beginning, Strickland made remarks indicating that he thought Plaintiff (who was forty-four years old at the time she filed her motion to amend the complaint) was too old to become a police officer.  The complaint further alleges that in October of 2009, Strickland and other NHPD trainers told Plaintiff's class at the Academy that some unnamed person had made a formal complaint about the NHPD's possible violations of overtime regulations and the Fair Labor Standards Act.  Strickland evidenced his belief that this complaint had been lodged by Plaintiff and/or her husband, Armando Vale, an NHPD police officer (Plaintiff denies that she or her husband had anything to do with the matter).  The complaint further alleges that Strickland directed and graded Plaintiff's performance of a final obstacle course in such an unfair manner that she failed, and her application to become an NHPD officer was eventually rejected.  Plaintiff was terminated in March 2010.

  Count One of the original complaint alleges that "Defendant ... sought to remove Plaintiff

from the Academy under false pretenses, to foreclose her becoming a police officer in retaliation for a report of violation of federal and state overtime laws and based upon age discrimination." ¶39.  Count Two alleges that "Defendant retaliated against Plaintiff because it believed she had engaged in the protected activity of complaining about possible violations of the state and federal wage and hour laws, a matter of public concern."  ¶ 40.

The proposed amended complaint adds a third count whose allegations describe events occurring considerably later in time.  Plaintiff asserts that on or about October 2011, she began the process once again to try to become an NHPD police officer.  By September 21, 2012, she needed only to complete a physical agility test and then move on to a full medical examination. A urinary tract infection prevented Plaintiff from completing the physical test.  She alleges that on October 1, 2012, a Sergeant Campbell of the NHPD, in derogation of Department practices, told Plaintiff  she would not be able to take the test, and that she was no longer in the re-application process.  On October 5, 2012, Plaintiff received a letter from the NHPD stating that she had not passed the psychological exam as well as the physical agility test, despite prior advice that she had passed the first of these.  Plaintiff alleges that this adverse conduct by the NHPD constituted actionable retaliation against her.  ¶¶ 54 and 55 assert that by its rejection of Plaintiff's re-application, the NHPD "retaliated against Plaintiff for previously opposing [its] unlawful discriminatory practices."  ¶ 56 alleges: "Defendant carried out its retaliatory conduct in a manner similar to the method used previously to disqualify her from the academy."

There is no reason to suppose that Plaintiff could not have made the NHPD's 2012 conduct in respect of her re-application the subject of a discrimination charge with the CHRO and EEOC.  But she did not do so.  Instead, Plaintiff seeks to amend her present complaint, based

upon her earlier administrative charges, and to make that the vehicle for these more recent events. That is permissible in law if, but only if, the subsequent 2012 conduct is "reasonably related" to the earlier CHRO/EEOC charge. *Alfano v. Costello*, 294 F.3d 365, 381 (2d Cir. 2002).

The Second Circuit has expressed its willingness to allow, as reasonably related, "claims not raised in the charge to be brought in a civil action where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Where, as in the case at bar, subsequent conduct is at issue, the test is whether "a plaintiff alleges further incidents of discrimination carried out in precisely the same manner as alleged in the EEOC charge." *Butts v. City of New York Dept. Of Housing Pres. And Dev.*, 990 F.2d 1397, 1403 (2d Cir. 1993) (superceded by statute on other grounds).

The Plaintiff at bar is able to satisfy these criteria. With the addition of the third count in the proposed amended complaint, Vale is complaining of two separate adverse actions imposed upon her by the NHPD: (1) termination of her probationary period and rejection of her application to become a police officer (Counts One and Two); and (2) termination of her re-application process and rejection of her renewed application to become a police officer (Count Three). Vale's theory of the case is that both adverse employment actions were taken by the NHPD in retaliation for protected action that NHPD supervisors believed Vale had taken: "complaining about possible violations of the state and federal wage and hour laws." ¶ 40. Defendant's brief stresses Vale's assertion that in fact she *did not* lodge the prior complaint of violations referred to, but that is irrelevant. If the proof should show that responsible members of the NHPD *believed* Vale and/or her police officer husband lodged the earlier complaint, and

retaliated against Vale *because of that belief*, the NHPD's conduct is actionable under the discrimination laws, whether or not the NHPD's belief was factually correct.

As for the relation-back of the re-application conduct to the probationary period conduct, the proposed amended complaint adequately alleges that the incidents of discrimination she complains of were "carried out in precisely the same manner," the phrase the Second Circuit used in *Butts*. According to Plaintiff's allegations, the NHPD's *modus operandi* common to both incidents involved taking action adverse to Vale on the basis of standards not previously announced and contrary to standards applied to other probationary applicants, or taking action adverse to Vale contrary to assurances previously given to her.

Specifically, Count One alleges that the members of Vale's class of probationers were required to run an obstacle course in a stated time; Vale missed the allotted time by two seconds; she ran the course a second time, as allowed by NHPD practices; and the supervisor, Strickland, then told her she had missed by four seconds, adding that after completing the course she was required to be standing after placing her gun in a nearby chain link fence. ¶¶ 22-24 of the complaint allege that this was a new requirement, not previously announced, and was used by Strickland to fail Vale on the test because Strickland believed that Vale had made the earlier administrative complaint. These events are alleged to have occurred on March 9, 2010.

Count three alleges that in connection with Vale's re-application to the NHPD, on September 21, 2012 she took a physical agility test, the only requirement prior to moving on to a full medical examination. Vale missed the 1.5 mile run by 30 seconds, because she became ill during to run, as the result of a subsequently diagnosed urinary infection. NHPD Sergeant Campbell, when contacted by Vale's husband, stated that an applicant becoming ill during a test

could, if providing medical documentation, have a retest; there were two more testing dates during the following week; and that Vale should bring her medical information to at the academy on Monday, October 1.  On October 1, Vale telephoned Sergeant Campbell at the academy "to make sure he was there so that she could bring him a copy of her medical documentation," at which point "Campbell advised Plaintiff that she would not be able to retake the physical agility and that I was no longer in the process."  ¶¶ 51-52.  ¶ 53 of the proposed amended complaint alleges that on October 5, 2012, Plaintiff received a letter from the NHPD advising that she had failed the psychological exam and the physical agility test, "despite the fact that she had previously been advised otherwise and had been permitted to proceed to the next step in the process."

     While these incidents of the NHPD's actions toward Vale do not mirror each other exactly, they are close enough for relation back analysis.  The trouble all began, on Plaintiff's theory of the case, on or about October 19, 2009, when an NHPD supervisor told the probationers' class of which Plaintiff was a member that "someone had made a formal complaint to the union regarding the amount of time that they remained at the academy"; "Plaintiff and the other recruits were being paid weekly for 40 hours" but were "actually spending closer to 60 hours per week in training"; "as a result of the complaint regarding overtime, Plaintiff and others in her class were limited to 40 hours peer week in training"; and "as a result of this complaint, the City of New Haven must now pay retroactive overtime pay to past recruits at the police academy."  ¶¶ 12-15.  On or about October 28, recruit Sullivan, a probationers' class leader, told Vale that "it was being rumored that her husband was the one who had complained regarding the overtime hours and work and that [Vale] needed to address the class about this." ¶ 18 (internal

quotation marks omitted).  On or about November 2, 2009, "Officer Strickland loudly and angrily stated to Plaintiff in the presence of other class members that she did not belong here and that she was the cause of this catastrophic mess." ¶16 (internal quotation marks omitted).  Vale understood the last quoted phrase to mean that Strickland believed she was responsible for the complaint to the union regarding overtime hours and pay.  ¶17.

The Defendant's present opposition to Plaintiff's proposed amended complaint, on the ground that the amendment would be futile, is the practical equivalent of a Rule 12(b)(6) motion to dismiss the Third Count.  Such a motion would not succeed.  The allegations I have quoted or summarized *supra* are well-pleaded allegations of fact whose truth the Court must accept on a motion to dismiss. Those facts are sufficient to state a plausible claim that supervisors and higher-ranking officers in the NHPD were so angry about the union complaint they *believed* (rightly or wrongly) Plaintiff or her husband had lodged that they immediately put an end on trumped-up grounds to Plaintiff's initial probationary effort to join the force and, two years later, remembering her with disfavor, put an end on trumped-up grounds to her re-application.  That degree of plausibility, derived from factual allegations whose truth is accepted and from the mandated drawing of all possible inferences in the non-moving pleader's favor, is sufficient to satisfy current pleading requirements.  See *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Defendant's brief makes much of the amount of time that elapsed between these two incidents, and argues that the time gap precludes plaintiff from showing the necessary element of causation – the causal connection between the source of Defendant's irritation in 2009 (Plaintiff's perceived protected speech) and the alleged retaliatory conduct of Defendant in 2012 (rejecting her re-application).  Defendant relies principally upon the Second Circuit's opinion in *Gordon v.*

*New York City Board of Education*, 232 F.3d 111, 117 (2d Cir. 2000) and Judge Dorsey's opinion for this Court in *Lomotey v. Connecticut Dept. of Trans.,* No. 3:05-cv-1711, 2009 WL 82501 (D.Conn. Jan. 12, 2009), at *11.  These cases are inapposite.  They were not decided at the pleading stage.  The Second Circuit decided *Gordon* on appeal following a full plenary trial.  Judge Dorsey decided *Lomotey* on a motion for summary judgment after full discovery.  Even more to the point, neither case involved the relation-back doctrine.

For the reasons stated, I conclude that the claim alleged in the Third Count of the proposed amended complaint relates back to the claims alleged in the original complaint.  In consequence, I will allow the amendment.  It is probably unnecessary, but nonetheless useful to observe that whether Plaintiff can prove her theory of the case is an entirely different question, as to which this Ruling says or intimates absolutely nothing.  Summary judgment motions may be made by either party after the full range of discovery has been completed.

Defendant's opposition to the proposed amended complaint is OVERRULED, and Plaintiff's motion to amend her complaint in the manner proposed is GRANTED.  Once the amended complaint is filed and served, Defendant is directed to respond to it in accordance with the Rules of Procedure.

It is SO ORDERED.

Dated: New Haven, Connecticut
October 4, 2013

/s/*Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge