### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

KIMBERLY VALE,

                Plaintiff,

  v.

CITY OF NEW HAVEN POLICE
DEPARTMENT,

           Defendant.

3:11-CV-00632 (CSH)

October 4, 2013

### ORDER

I.    **INTRODUCTION**

Plaintiff Kimberly Vale (hereinafter "Plaintiff") initiated this action in the Connecticut Superior Court in late March of 2011, bringing claims against Defendant City of New Haven Police Department (hereinafter "Defendant") under both C.G.S.A. § 46a-60(a)(1) and C.G.S.A. § 31-51q. In her initial Complaint, Plaintiff alleged that she had been discriminated against by Defendant City of New Haven Police Department, for which she had formerly been employed on a full-time probationary basis, due to her age. Plaintiff further alleged that she had been retaliated against by Defendant because Defendant suspected her of having "engaged in the protected activity of complaining about possible violations of the state and federal wage and hour laws, a matter of public concern." [Doc. 1] at 15. Defendant filed a motion in Connecticut Superior Court in April of 2011 to remove the matter to federal court, contending that Plaintiff's C.G.S.A. § 31-51q claim "necessarily turn[ed] on the construction of federal law and the First Amendment of the United

1

States Constitution for which Congress has provided a cause of action under 42 U.S.C. § 1983."

[Doc. 32] at 1-2; *see also* [Doc. 1] at 2.  Plaintiff's subsequent Motion to Remand to State Court,

[Doc. 10], was denied in October of 2011.  *See* [Doc. 18].

Defendant filed its Answer and Affirmative Defenses to Plaintiff's initial Complaint in

December of 2011.  *See* [Doc. 27].  Thereafter, Plaintiff filed a Motion to Strike several of

Defendant's affirmative defenses.  [Doc. 29].  The Court now rules upon Plaintiff's Motion to Strike.

By separate Ruling filed together with this one, the Court grants Plaintiff's Motion to Amend her

complaint.  That does not alter the reasons or result of this Ruling.

## II.   DISCUSSION

Defendant raises ten affirmative defenses in its Answer and Affirmative Defenses to

Plaintiff's initial Complaint.  *See* [Doc. 27] at 6-7.  Plaintiff now moves to strike six of these

affirmative defenses – numbers 1, 2, 3, 5, 6, and 7 – "because the Defendants do not allege facts

sufficient to support the alleged affirmative defenses." [Doc. 29] at 1.[1]  The six contested affirmative

defenses are:

First Affirmative Defense
Plaintiff fails to state a claim against Defendant.

Second Affirmative Defense
Plaintiff has failed to exhaust her administrative remedies.

---

[1]  While parts of Plaintiff's Motion to Strike and accompanying Memorandum of Law appear to address an alleged pleading deficiency in *all ten* of Defendant's affirmative defenses, Plaintiff explicitly states in her Motion to Strike that she "respectfully moves this Court to strike [a]ffirmative [d]efenses numbers 1, 2, 3, 5, 6, and 7." [Doc. 29] at 1.  Accordingly this Court addresses only these six affirmative defenses in this ruling.  However, the Court notes that for the same reasoning detailed *infra* with respect to those six affirmative defenses, it believes that the four additional affirmative defenses – 4, 8, 9, and 10 – have been set forth satisfactorily under all relevant Rules and precedent, and would therefore withstand any motion to strike.

<u>Third Affirmative Defense</u>
Plaintiff failed to mitigate her damages.

<u>Fifth Affirmative Defense</u>
Any loss or damage sustained by Plaintiff was occasioned by the acts or omissions of the Plaintiff.

<u>Sixth Affirmative Defense</u>
Defendant reserves the right to rely upon other affirmative defenses as may be supported by facts to be determined through discovery.

<u>Seventh Affirmative Defense</u>
Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

*See* [Doc. 29] at 1 (listing these six affirmative defenses as contested); [Doc. 27] at 6 (listing Defendant's affirmative defenses).

Plaintiff contends that pursuant to Fed. R. Civ. P. 12(f) these six contested "affirmative defenses should be stricken on the grounds that they are insufficient and do not comply with the pleading requirements set forth" in two now-familiar United States Supreme Court cases:  *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  [Doc. 27] at 4.  Specifically, Plaintiff contends that "Defendants have given no factual support whatsoever for any of its ten affirmative defenses," and, further, that while these affirmative defenses "are fact specific ... Defendant has pleaded mere legal conclusions."  *Id.* at 3.  Accordingly, Plaintiff moves the court to strike six of Defendants' affirmative defenses, as – as Plaintiff contends – "[d]efendants who raise special defenses are held to the same standard rules of pleading as plaintiffs are held to in their complaints."  *Id.* at 6.

Defendant filed a brief in opposition to Plaintiff's Motion to Strike, in which Defendant avers that "Plaintiff's motion is premised on the adoption of a heightened pleading standard for affirmative defenses *rather than the applicable standard of law in this [d]istrict*" and, as such, ought to be

3

denied. [Doc. 32] at 3 (emphasis added).  The Court agrees with Defendant.  As an initial matter, while Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," courts in this district have repeatedly and consistently held that "[m]otions to strike affirmative defenses are generally disfavored." *Aros v. United Rentals, Inc.*, No. 3:10-CV-00073, 2011 WL 5238829 at *1 (D.Conn. Oct. 31, 2011); *see also, e.g., MTA Metro-North R.R. v. Buchanan Marine*, No. 3:05-CV-00881, 2006 WL 3544936 at *3 (D.Conn. Dec. 8, 2006).

Further, contrary to Plaintiff's contention that the heightened pleading standards set forth in *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal* ought to be applied to affirmative defenses, courts in this district have consciously and conscientiously adopted and reiterated, post- *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal*, the test on which plaintiffs must "prevail on a motion to strike affirmative defenses," which, as they have remarked, creates a standard for affirmative defenses which is not nearly so heightened as that set forth by *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal*.  *See, e.g., Aros v. United Rentals, Inc.*, 2011 WL 5238829 at *1; *Whitserve, LLC v. GoDaddy.com, Inc.*, No. 3:11-CV-00948, 2011 WL 5825712 at *2 (D.Conn. Nov. 17, 2011).

Two 2011 decisions by now-Chief Judge Hall are particularly instructive in this regard: *Aros v. United Rentals, Inc.*, 2011 WL 5238829 and *Whitserve, LLC v. GoDaddy.com, Inc.*, 2011 WL 5825712.  In both these decisions, Judge Hall (as she then was) addressed arguments raised by plaintiffs which were nearly identical to that now raised by Plaintiff in the case at bar, i.e., that the court should apply the heightened standard for pleading articulated in *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal* in its evaluation of any motions to strike.  While acknowledging that "this question [was] unsettled among courts," in both cases Judge Hall "decided that the heightened

pleading standard set forth in *Twombly* and *Iqbal* does not apply to a Motion to Strike affirmative defenses." *Whitserve, LLC v. GoDaddy.com, Inc.*, 2011 WL 5825712 at *2; *Aros v. United Rentals, Inc.*, 2011 WL 5238829 at *2-3.  Rather, Judge Hall affirmed that the appropriate test in such a circumstance was the one already in use by courts in this district, and that, accordingly, in order to be successful in moving a court to strike affirmative defenses, a plaintiff "must establish that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense." *Whitserve, LLC v. GoDaddy.com, Inc.*, 2011 WL 5825712 at *2 (citations omitted); *see also Aros v. United Rentals, Inc.*, 2011 WL 5238829 at *1 (citations omitted).  (By comparison, under *Bell Atlantic Corp v. Twombly* and *Ashcroft v. Iqbal*, the court, in considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), must determine whether a plaintiff has *stated a legally cognizable claim* by making allegations which, if true, would *entitle that plaintiff to relief*.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557, 570; *Ashcroft v. Iqbal*, 556 U.S. at 678.)

This Court is persuaded by the logic articulated by Judge Hall in the two aforementioned 2011 decisions.  As Judge Hall there noted, it is Fed. R. Civ. P. 8(c)(1) which governs the pleading of affirmative defenses rather than Fed. R. Civ. P. 8(a)(2), which requires that a pleading *show* that a pleader is entitled to relief.  *See, e.g., Aros v. United Rentals, Inc.*, 2011 WL 5238829 at *3*; see also* Fed. R. Civ. P. 8(c)(2) and Fed. R. Civ. P. 8(c)(1).  In contrast to the language contained in Rule 8(c)(2), the language in Rule 8(c)(1) *makes no mention of any requirement to show or demonstrate relief in order to make an affirmative defense*; rather, its plain text merely dictates that, "[i]n responding to a pleading, a party must affirmatively *state* any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1) (emphasis added).

5

Defendant has indeed clearly *stated* all six affirmative defenses it wishes to raise in its Answer and Affirmative Defenses to Plaintiff's Complaint. *See* [Doc. 27] at 6. Therefore, under the law of this district, as discussed *supra*, in order to successfully move this Court to strike such affirmative defenses, Plaintiff must demonstrate that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by the inclusion of the defense. The Court finds that for each of the six affirmative defenses which Plaintiff has moved to strike – i.e., affirmative defenses numbers 1, 2, 3, 5, 6, and 7 – there are either questions of law or fact that might allow the defense to succeed,[2] and moreover the Court does not see how Plaintiff would be prejudiced by the inclusion of any of these six contested affirmative defenses.[3]

---

[2] NB, "[i]t is well settled ... that a party may include failure to state a claim as an affirmative defense in its answer and that such a defense is invulnerable as against the [12(f)] motion." *Aros v. United Rentals, Inc.*, 2011 WL 5238829 at *4 (citation and internal quotation marks omitted).

[3] The Court does, note, however, that Defendant's sixth affirmative defense, in which "Defendant reserves the right to rely upon other affirmative defenses as may be supported by facts to be determined through discovery," [Doc. 27] at 6, appears to be somewhat futile as a practical matter. As other federal courts around the country have held, "reservation of a right to bring other defenses serves no function as is[,] and any addition of defenses is properly achieved by the terms of the Rules...." *U.S. v. Martell*, 887 F.Supp. 1183, 1193 (N.D. Ind. 1995) (quoting *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1452 (W.D. Mich. 1989) (internal quotation marks omitted)); *see also, e.g.*, 61A Am. Jur. 2d Pleading § 319 (2013) ("An affirmative defense asserting the right to bring other affirmative defenses does not preserve any affirmative defenses the pleader may later wish to add."). Given that this sixth affirmative defense technically falls within the broad standards and passes the applicable test discussed *supra*; the Court will not strike it. Nonetheless, if Defendant seeks to add any additional affirmative defenses in this matter and is so advised, Defendant must seek to amend its Answer and Affirmative Defenses, or risk waiver of any such affirmative defenses.

**III.**     **CONCLUSION**

Plaintiff's Motion to Strike [Doc. 27] is accordingly DENIED with in its entirety.

The foregoing is SO ORDERED.


Dated: New Haven, Connecticut
        October 4, 2013


                                        /s/Charles S. Haight, Jr.
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge