UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY VALE,  
    *Plaintiff,*

v.      Case No. 3:11-cv-00632 (JAM)

CITY OF NEW HAVEN,  
    *Defendant.*

## RULING ON PENDING PRETRIAL MOTIONS

Plaintiff Kimberly Vale was admitted to the New Haven Police Academy in September 2009. She trained at the Academy with other recruits, including going through a battery of physical and psychological tests. Although she passed many of these tests, the Academy's evaluators did not give her a passing grade on a required race through an obstacle course. She then resigned rather than be dismissed from the Academy.

Plaintiff has now sued the City of New Haven under the Connecticut Fair Employment Practices Act (CFEPA), alleging that she was not permitted to pass the Academy's requirements because of age-based discrimination. She also brings a claim under Conn. Gen. Stat. § 31-51q, alleging that she was retaliated against because officers in the Academy believed she was responsible for reporting wage violations to state authorities. A jury has been selected, and evidence is set to begin on plaintiff's claims on April 18, 2017. After a pretrial conference, plaintiff and defendant filed a series of motions *in limine*, which I will largely grant for the reasons below.

First, plaintiff and defendant dispute whether the issue of plaintiff's damages for back pay should be decided by the Court or by a jury, and also what relevant evidence should be submitted. Doc. #183; Doc. #185; Doc. #191. Under federal law, "a lost wages award—whether

1

in the form of back pay or front pay—is an equitable remedy," and so "a party is generally not entitled to a jury determination on the question." *Broadnax v. City of New Haven*, 415 F.3d 265, 271 (2d Cir. 2005) (emphasis omitted); *see also Cohen v. W. Haven Bd. of Police Comm'rs*, 538 F.2d 496, 501 (2d Cir. 1980) ("Backpay is a familiar equitable remedy . . .").

Noting that her underlying discrimination claim is a claim under state law, plaintiff argues that her right to a jury determination of backpay should be decided under state law, rather than under federal law. I do not agree. The Supreme Court has ruled that "the right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (*per curiam*). Although it is true that in a diversity action a federal court must look to state law to determine applicable substantive law, "the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Id.* at 223; *see also Morse v. JetBlue Airways Corp.*, 2014 WL 2587576, at *2–*3 (E.D.N.Y. 2014) (federal court not required to have jury determine issue of backpay under New York anti-discrimination law despite fact that New York law requires jury for all claims of money damages).

Plaintiff cites *Schoonmaker, et al. v. Lawrence Brunoli, Inc.*, 265 Conn. 210 (2003), a case in which a state court jury decided a lost wages claim. The court in *Schoonmaker*, however, did not discuss the issue of whether a plaintiff is entitled to a jury determination of lost wages— it was simply a case where a jury did decide such a claim. 265 Conn. at 233–34. Because backpay is an equitable remedy and because as a matter of federal law there is no right to a jury determination of equitable remedies, I will therefore grant defendant's motion that the Court, rather than the jury, should determine what backpay (if any) that plaintiff may be owed.

Deciding the issue of backpay also helps to resolve plaintiff's motion to preclude evidence relating to plaintiff's 2012 application, admission, or dismissal from the Academy. Doc. #185. Plaintiff seeks to prohibit defendant from submitting such evidence to the jury or referencing it during opening or closing statements or examination of witnesses. During argument on this motion, defendant confirmed that the primary reason to introduce such evidence would be for the backpay determination, which, as just decided, will no longer go to the jury. Plaintiff's motion is therefore granted.

At oral argument, the parties also agreed that punitive damages would be available under Conn. Gen. Stat. § 31-51q, but that they would be limited to reasonable attorney's fees. Because the parties agree on this point, there is no occasion here for me to consider whether state law imposes this limitation. The parties further agreed at oral argument that punitive damages are not available for plaintiff's age discrimination claim under the Connecticut Fair Employment Practices Act. They also agreed that reinstatement is an equitable remedy to be determined by the Court rather than a jury. Defendant's motion *in limine* regarding remedies thus may be granted in its entirety.

Plaintiff also moves to prohibit evidence of adverse information that appears in plaintiff's application or her qualifications prior to her acceptance into the Academy in 2009. Doc. #185. For reasons explained during oral argument and for lack of a showing of defendant's reliance on such adverse information, this motion is granted without prejudice to defendant's ability to proffer evidence of plaintiff's failure of other physical tests prior to her training at the Academy.

Finally, defendant moves to preclude evidence (Plaintiff's Exhibits B, C, D, E and G) regarding the performance and test results of other recruits at the Academy. Doc. #184. Because

3

the Court does not yet have sufficient factual context to decide this motion, the motion will be denied without prejudice to defendant's renewal of its objections at trial for the reasons discussed on the record during oral argument.

**CONCLUSION**

Defendant's motion regarding remedies, Doc. #183, is **GRANTED**. Defendant's motion regarding comparator test results, Doc. #184, is **DENIED** without prejudice. Plaintiff's motion regarding evidence of her 2009 and 2012 academy admissions, Doc. #185, is **GRANTED** subject to the conditions noted above. Plaintiff's unopposed motion to amend the witness list, Doc. #187, is also **GRANTED** as stated on the record.

It is so ordered.

Dated at New Haven, Connecticut this 11th day of April 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge