UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KIMBERLY VALE,
    *Plaintiff,*

v.      Case No. 3:11-cv-00632 (JAM)

CITY OF NEW HAVEN,
    *Defendant.*

**RULING DENYING MOTION FOR NEW TRIAL**

Plaintiff Kimberly Vale applied to be a police officer with defendant City of New Haven. She was admitted to the Police Academy at the age of 44 years old, but she left the Academy soon after she twice failed to pass a final physical fitness requirement that required her to timely complete an obstacle course.

Plaintiff filed this lawsuit alleging in relevant part that defendant unlawfully terminated her employment on the basis of her age, in violation of the Connecticut Fair Employment Practices Act. She contended at trial that the Academy's training instructor was biased against her because of her age and that for this reason he manipulated the results from her running the obstacle course in order to ensure that she would fail.

Plaintiff also alleged that the City unlawfully retaliated against her on the basis of her exercise of her constitutional rights to free speech, in violation of Conn. Gen. Stat. § 31-51q. She contended at trial that she was discharged from the Academy because the City believed that she had lodged a complaint about the City's failure to pay overtime to police recruits while they were training in the Academy.

The jury rejected both of plaintiff's claims after a three-day trial. Plaintiff now moves for a new trial under Rule 59 of the Federal Rules of Civil Procedure, contending that the jury's

1

verdict was clearly wrong and against the weight of evidence. For the reasons below, I will deny plaintiff's motion.[1]

Rule 59(a) of the Federal Rules of Civil Procedure allows a court to grant a new trial after a jury verdict "for any reason for which a new trial has heretofore been granted in an action at law in federal court." When considering a motion for a new trial under Rule 59(a) on the ground that the jury's verdict is against the weight of evidence, the Court gives a high degree of deference to the jury's evaluation of witness credibility and in light of the principle that jury verdicts should only rarely be overturned. *See ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 97-98 (2d Cir. 2014). The Court may not disturb the jury's verdict unless convinced that the jury reached a seriously erroneous result or that its verdict was otherwise a miscarriage of justice. *See Stampf v. Long Island R.R. Co.,* 761 F.3d 192, 202 (2d Cir. 2014).

Plaintiff argues that the jury wrongly concluded that she had failed to prove that she was terminated from the Police Academy because of her age. Plaintiff was among the oldest recruits in her Academy class, and she points to testimony that Officer Robert Strickland—the Academy's principal training officer and drill instructor—called her names like "grandma" and told her husband that she would flunk out of the academy. But there was also testimony by Strickland and others that he was not biased against recruits because of their age and that he routinely called many recruits by demeaning nicknames as a means of "stress inoculation" to see how they would react to the kind of pressures that they might face as patrol officers. Whether Strickland mistreated plaintiff because of age-based animus was a quintessential jury credibility

---

[1] I assume the parties' familiarity with the general factual background of the case and do not recount it here. *See Vale v. City of New Haven*, 197 F. Supp. 3d 389, 393-95 (D. Conn. 2016).

issue. Having watched the entire trial it is clear to me that the jury's resolution of this issue was neither clearly erroneous nor plainly against the weight of evidence.

Much of the trial testimony focused on plaintiff's failure to timely complete the required obstacle course. There was no dispute that the passing of this test was a requirement for plaintiff to graduate from the Academy. Plaintiff failed the test twice by just a few seconds, and she argued that Strickland—who timed each of the recruits and oversaw their running of the obstacle course—manipulated her results so that she would fail. Strickland testified that he did not do so, and other trial evidence raised significant questions about plaintiff's physical fitness. The evidence was easily sufficient to allow the jury to credit Strickland's account. I decline to second-guess the jury's evident conclusion that plaintiff's failure to timely complete the obstacle course was not because of age-based animus.[2]

As for plaintiff's free-speech retaliation claim, the jury's verdict was again well within the range of reasonableness in light of the trial evidence. The Police Academy demanded long hours of training from its recruits, and at some point during plaintiff's training there was an anonymous complaint lodged about the failure of the City to pay overtime to police recruits in the Academy. The complaint upset Strickland, because it resulted in a cutback in the Academy's training hours. Plaintiff denied that she had lodged the overtime complaint, and the evidence was in conflict about whether Strickland or any City decisionmaker attributed the complaint about overtime pay to plaintiff. While Strickland subjected plaintiff to harsh and demanding conditions

---

[2] I say "evident" conclusion, because it is possible that the jury did not reach the age-based animus issue. Plaintiff resigned from the Academy shortly after she failed the obstacle course, although she soon attempted to rescind her resignation. As the jury instructions made clear, the jury could have declined to issue a verdict in plaintiff's favor if it concluded that her resignation was voluntary. Doc. #206 at 8 (jury instructions). Plaintiff's post-trial briefing does not challenge the adequacy of evidence that would have permitted the jury to conclude that plaintiff voluntarily resigned her position, and plaintiff has not raised any post-trial challenge to the jury instructions.

and comments during the training program, his true motives for doing so were a classic question of witness credibility for the jury to resolve.

Moreover, plaintiff's free-speech retaliation claim required her to prove that she was discharged from the Police Academy because of the City's belief that she had spoken out about its failure to pay overtime. *See* Doc. #206 at 12-13 (jury instructions). As discussed above, however, plaintiff did not timely complete the required obstacle course. The evidence was easily enough for the jury to conclude that she failed the obstacle course due to her lack of physical fitness or ability and despite having been given a fair opportunity to complete the course. Even assuming therefore that the jury had believed that Strickland or that anyone else at the City was angry at plaintiff because of the overtime complaint, the jury reasonably could have concluded that her discharge from the Academy was not because Strickland or any other City official sought to retaliate against her on the basis of her right to free speech.

Plaintiff's motion for a new trial (Doc. #214) is DENIED on the ground that the jury's verdict was amply supported by the evidence and well within the range of reasonable verdicts that a jury could have reached on the basis of its role to determine the credibility of witness testimony and to draw any reasonable inferences from the evidence.

It is so ordered.

Dated at New Haven, Connecticut this 14th day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge